**Jack CORYELL, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12395.**

Criminal Court of Appeals of Oklahoma.

March 6, 1957.

Lewis F. Oerke, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Jack Coryell, defendant below, was charged by information in the Superior Court of Comanche County, Oklahoma, with the crime of assault with a dangerous weapon. He was tried by a jury, convicted, and his punishment fixed at three years confinement in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

Briefly, the record discloses that prior to December 4, 1955, the defendant, Jack Coryell, and the complaining witness, Mary Yort, had had some dates together. At about 2:00 A.M. on December 4, 1955, she was returning to her room with her roommate when they were accosted by the defendant. It appears that Mary Yort got into the defendant's automobile and took a ride of a rather wild nature. He drove the automobile in such a reckless manner that he almost turned it over on several occasions. Mary Yort pled with him to let her out of the car. When this was done, she went to her room in the Lawton Hotel and proceeded to get ready for bed and put on her pajamas. Her roommate, Shirley Chappell, had not come in at that time and she left the door unlocked. Shortly thereafter, the defendant appeared at the door, came in her room, and made advances to her which she rejected. Whereupon, the defendant removed a switchblade knife from his pocket and threatened the life of Mary Yort, stating, in substance, that he would give her fifteen minutes to live and pressing the knife to her throat. It appears that a man came up the steps and was walking down the hallway and that the defendant opened the door to see who he was and what he wanted. Mary Yort ran out of the room, down the stairs,

and into a nearby cafe, in her pajamas, in a greatly disturbed and hysterical condition. She testified that it was her belief that he was going to kill her and that was the reason for her condition.

Shirley Chappell corroborated Mary Yort to the effect that when she returned to the room it was at the time that Mary Yort ran out in a hysterical condition. Shirley Chappell was corroborated in her testimony by Herbert Brannon and Paul Lynch.

The defendant offered no evidence in his own behalf. The jury found him guilty and fixed his punishment at three years in the penitentiary.

The defendant complains of the judgment and sentence based upon the verdict for the reason that the court refused to instruct a verdict of not guilty; that the jury was actuated by passion and prejudice in assessing the verdict; and that the verdict was not warranted by the evidence.

It is apparent that the objections were not well taken and that the judgment and sentence is supported by the evidence, the penalty is not excessive, and the court did not err in refusing to give an instruction of not guilty. The judgment and sentence is affirmed.

POWELL and NIX, JJ., concur.